# NORTON vs. EDGAR.

A joint owner of a promissory note cannot be charged as endorser, in an action brought by his co-owner, or one who is not a *bona fide* holder for value and without notice of the defendant's rights, and did not acquire it in the usual course of business, and before maturity.

If one of two joint owners of a note is authorized to sell his co-owner's interest therein, and does sell it, with his own, the whole interest will pass to the purchaser ; and whether the latter can recover against the co-owner as endorser will depend upon whether he obtained the note under circumstances which entitle him to insist that such co-owner is estopped from proving facts that will protect him against such liability.

Where one of two joint owners of a note, without authority from his co-owner, sells the latter's interest in the note, the purchaser will acquire only the interest of the seller in such note.

If the purchaser knows, when he purchases a note from one of the owners thereof, that another person is a joint owner of it, he knows, as matter of law, that such joint owner cannot be liable, as endorser, to any person cognizant of his relation to the note.

Norton *v.* Edgar.

When a person, knowing that a constable has seized and offered for sale only the interest of one of two joint owners, in a promissory note, purchases that interest, at the sale, such sale and purchase will carry no interest in the endorsement of the same owner, on which an action can be maintained by the purchaser.

THIS action was brought to recover against the defendant, as endorser, the amount of a promissory note, made by Brewster and Perrin to the order of the defendant, for $2,000, payable, with interest, six months after date, at the First National Bank of Dansville. The note was the joint property of the defendant and one Merrit B. Perrin, the latter having an interest in it of some $1,623.30, and the defendant an interest of $376.30. The defendant being a resident of Ohio, it was deemed best by both parties that it should be left with some third person for collection, in this State, and it was accordingly left with one Warren to be collected, and the proceeds divided in the proportions above given ; and it was distinctly understood and agreed between said owners that the note should only be delivered on the joint order of said owners, or to them personally, when both were present.

After the note was thus deposited, M. B. Perrin assigned to one Carter a claim he (P.) had against the defendant, and Carter commenced an action against the defendant, in a justice's court, by attachment, to recover the debt so assigned to him by Perrin. The note was seized by virtue of this attachment, and after the recovery of judgment an execution was issued thereon, and the note sold, and bid in by the plaintiff in this suit for $130. When the note became due, it was presented for payment at the bank where it was payable, and payment being refused, it was duly protested and notice thereof served on the defendant. · The judgment in the attachment suit was reversed by the county court of Livingston, in January, 1870. The plaintiff was surety for Carter in the attachment suit; he delivered the at-

tachment to the constable ; he and Carter were together when it was delivered, and they told him where the note that was to be attached was, and instructed him to go and attach it ; they went with the constable, at his request, when the note was attached. At the sale the interest of Edgar in the note, only, was sold, and it was so stated in Norton's presence. After the note was attached, the constable had an interview with Carter and the plaintiff, at Carter's office, in which the latter said they had been trying to get some money out of Carter, if they could, and they had finally made up their minds to attach the note and sell it. It was then talked, also, that Norton was to bid in the note on the sale.

Perrin testified, on the trial, that he was authorized, by the defendant, to sell his interest in the note, and he sold the entire interest in it to the plaintiff, for $1,625, November 18, 1868, which was paid. He also testified that he had the note in his possession at the time of the sale ; got it after it was attached.

The attachment was levied on the 5th of November, 1868, and the execution returned satisfied on the 17th of the same month.

The defendant was examined as a witness in his own behalf, and testified that he had never authorized Perrin to sell his interest in the note.

When the plaintiff rested, the defendant's counsel moved for a nonsuit, on the grounds, with others, 1. That the plaintiff had not proved a cause of action ; 2. That the defendant was a joint owner of the note with the plaintiff, and he could not, for that reason, be charged as endorser by his co-owner. The motion was denied, and the defendant's counsel duly excepted. At the close of the evidence, the court held, as matter of law, that the plaintiff was entitled to recover a verdict for $1,623.50, with interest from the date of the note. To which ruling the defendant's counsel excepted. The defendant renewed his motion for a nonsuit, on the

Norton *v.* Edgar.

ground that the plaintiff being joint owner of the note with the defendant, he could not recover, the other owner not being a party plaintiff. The motion was denied, and the defendant's counsel excepted.

The defendant's counsel then asked leave to go to the jury upon the question whether the plaintiff had or had not knowledge of the transactions relating to the note. The court refused to submit that or any other question to the jury. To which ruling the defendant's counsel excepted.

The court then ordered a verdict for the plaintiff, and the case was ordered to be heard at the General Term in the first instance, and judgment in the meantime suspended.

*By the Court*, MULLIN, P. J. When the defendant left the court room, after the trial of the case was terminated, he must have been dumb with astonishment at the result of what he doubtless considered a triumphant defence. When he entered upon it he was the owner of an interest in the note, on which he was sued, of some $400 ; when he got through, that interest was gone, and a verdict rendered against him for the whole amount of his co-owner's interest in the note.

Whether this verdict can be sustained depends on the question, whether the plaintiff is a *bona fide* holder of the note on which the suit is brought, for value and without notice of the defendant's rights, and whether he acquired it in the usual course of business, and before maturity. Perrin swears that he sold the whole interest in the note to the plaintiff by the authority of the defendant. The defendant denies that he ever gave Perrin any such authority ; and if the plaintiff's title depended in any degree on such authority, the question presented by this conflicting evidence should have been submitted to the jury. The court however utterly refused to submit any question of fact to the jury ; and after so broad a refusal, it

would have been useless to call on the court to submit this specific point to them.

For the purposes of the case, we must assume that the jury would have found that the defendant did not authorize Perrin to sell his interest in the note. If not, then the plaintiff acquired only the interest of Perrin in the note.

Perrin's interest was the sum of $1,623.30, due from the makers of the note, As between Perrin and the defendant, the former could not maintain an action against the defendant on his endorsement. If Perrin was authorized to sell the defendant's interest, and did sell it to the plaintiff, with his own, then the whole interest passed to the plaintiff; and whether the plaintiff could recover against the defendant as endorser, would depend upon whether he obtained it under circumstances which entitled him to insist that the defendant was estopped from proving facts which would protect him against such a liability. The sale to the plaintiff was on the 18th of November, 1868, or nearly a week before it came due. It was after the sale of the note by the constable, on the attachment, and after the purchase of it by the plaintiff, on that sale.

The plaintiff when he purchased knew the defendant was a joint owner of the note. He acted with Carter in procuring the issue and levy of the attachment on the interest of the defendant, in the note. He therefore knew, as matter of law, that being a joint owner with Perrin he (the defendant) could not be liable as endorser, to any person cognizant of the defendant's relation to the note.

If the plaintiff relies on his purchase at the constable's sale he is in a still worse condition. He knew that the officer had seized and offered for sale, and he purchased, only the interest of the defendant, in the note. That was a claim against the makers of the note for some $376. Such a sale and purchase carried no interest in the endorsement of the defendant, on which an action

could be maintained, and yet the plaintiff has been permitted to recover the amount of Perrin's interest in the note against the defendant as endorser.

There is still another difficulty in the way of the plaintiff, if he claims on a purchase of the whole note from Perrin. If Perrin is right in saying he sold the note on the 18th of November, it is manifest that on that day the plaintiff was the owner, to the extent of the defendant's interest in the note ; and all that Perrin had to sell was his own share of the note ; so that it cannot be true that Perrin at any time sold the whole interest in the note to the plaintiff.

There must be a new trial, with costs to abide the event.